In the Matter of Allan L. WOODHOUSE, Nancy G. Woodhouse, Debtors.

Bankruptcy No. 1–81–00140.

United States Bankruptcy Court, S. D. Ohio, W. D.

May 20, 1981.

Don R. Gardner, Cincinnati, Ohio, for debtors, Allan and Nancy Woodhouse.

Lawrence Elleman, Cincinnati, Ohio, and Lawrence Heiser, Wellston, Ohio, for Jackson Production Credit Association.

## ORDER DENYING MOTION TO DISMISS CHAPTER 11 PROCEEDING

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the motion filed by Jackson County Production Credit Association on March 19, 1981 to dismiss the Chapter 11 proceeding of the debtors, Allan and Nancy Woodhouse on the grounds that the debtors, as individuals, are not entitled to seek relief under Chapter 11 of the Bankruptcy Code.

Debtors are the owners of real estate consisting of a 365.81 acre farm in Indiana; a 1,348 acre farm in Jackson County, Ohio; a 23 unit apartment building, and their home in Cincinnati, all encumbered. Altogether, the petition of the debtors lists 9 secured creditors with claims totaling $897,-112.81 among the total claims of $904,-954.80.

Jackson County Production Credit Association (hereinafter JCPCA), the holder of a first mortgage on the Jackson County farm and a second mortgage on the Indiana farm (both total $550,520.94), demanded full payment on their notes from the debtors in November, 1980. In accord with the cognovit provisions of the notes, judgment was entered against the Woodhouses in the Jackson County Common Pleas Court. Execution was stayed by the filing of this Chapter 11 proceeding in January, 1981.

JCPCA contends that Chapter 11 is designed solely for the reorganization of a business entity, and the debtors, who are not engaged in the operation of a business as a going concern (although debtors state an intent to possibly subdivide the property), are therefore precluded from any relief under such proceeding. The Court does not construe eligibility to proceed under Chapter 11 of the Code so narrowly. Not only that, but there is the possibility of concluding that the debtors are engaged in business.

Former Chapters X, XI, and XII of the old Bankruptcy Act were consolidated to form Chapter 11 of the Bankruptcy Code. The purpose of this merger was to simplify administration rather than limit those persons entitled to relief.

Old Chapter XII concerned real property arrangements and defined a "debtor" as follows:

"(6) 'debtor' shall mean a person, other than a corporation as defined in this Act, who could become a bankrupt under section 4 of this Act, who files a petition under this chapter and who is the legal or equitable owner of real property or a chattel real which is security for any debt, but shall not include a person whose only interest in property proposed to be dealt with by the arrangement is a right to redeem such property from a sale had before the filing of such petition;"

The plan of reorganization required as its "primary purpose the alteration or modification of the rights of creditors or of any class of them, holding debts secured by real property." *9 Collier on Bankruptcy*, ¶ 2.02 at 756, (14th Ed. 1978). The philosophy behind such reorganization is of the type involved herein, the Woodhouses being the owners of farm properties and an apartment building. The legal authority cited by creditor for dismissal of these proceedings (in which the sole purport was to save a residence) is readily distinguishable from the case at bar.

11 U.S.C. § 109 sets forth who may be a debtor. Subsection 109(d) states:

"(d) Only a person that may be a *debtor* under Chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title."

A debtor is defined under 11 U.S.C. § 101(12) as follows:

"(12) '*debtor*' means *person* or municipality concerning which a case under this title has been commenced."

Further, 11 U.S.C. § 101(30) defines "person" as follows:

"(30) '*person*' includes individual, partnership, and corporation, but does not include governmental unit" Emphasis the Court's.

Hence, an "individual" as defined under the Bankruptcy Code is not prohibited from seeking relief under Chapter 11 as well as Chapter 7, based upon the facts presented herein.

IT IS SO ORDERED.